947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry COOPER, Petitioner-Appellant,
v.
John W. GILL, U.S. Attorney; John E. Eldridge, Court
Appointed Counsel; Judge Taylor, U.S. District
Court, Respondents-Appellees.
 No. 91-5508.
 United States Court of Appeals, Sixth Circuit.
 Nov. 4, 1991.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and HOOD, District Judge.*
 ORDER
 Larry Cooper, a pro se federal prisoner, appeals the district court's order dismissing his claims for specific performance and monetary relief filed under 28 U.S.C. §§ 1331 and 2255. The district court certified that an appeal would not be taken in good faith under 28 U.S.C. § 1915(a). Cooper now moves for leave to proceed on appeal without prepayment of fees. Fed.R.App.P. 24(a).
 Cooper filed a motion to vacate sentence under 28 U.S.C. § 2255 which was docketed as Case No. 90-625. In an apparent attempt to supplement this motion to vacate, Cooper filed the pleading which has become the basis for the present action. He sought monetary damages and alleged that the individual respondents violated his civil rights. Additionally, he renewed his request that his sentence be vacated.
 
 
 1
 Rather than filing the supplemental pleading as part of the earlier filed case, the district court docketed the claims as a separate civil action, Case No. 91-128. The district court noted that the allegations were repetitive of the earlier motion to vacate and entered an order of summary dismissal. The district court also rejected claims against certain respondents who are residents of Alabama on grounds of lack of jurisdiction. Additionally, the district court noted that petitioner did not pay the filing fee and did not request in forma pauperis status.
 
 
 2
 On appeal, Cooper maintains that the present matter is the same case as his motion to vacate, No. 90-625. He names additional respondents (defendants) who allegedly have lied and misled the court by their assertions that the matters are separate. He renews his allegations that he has been denied constitutional rights.
 
 
 3
 Upon review, we conclude that the district court correctly dismissed the case for failure to pay the filing fees. Because Cooper's claims were not accompanied by an application for pauper status and the filing fee was never paid, dismissal was proper. Nevertheless, dismissal for failure to pay the filing fee should have been without prejudice because the case was not "commenced." See Fed.R.Civ.P. 3.
 
 
 4
 Finally, it is noted that issues presented for the first time on appeal are not subject to review. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). Cooper's arguments and claims concerning additional "defendants," therefore, are not before the court.
 
 
 5
 Accordingly, the motion to proceed in forma pauperis is granted for the limited purpose of permitting review in this case; and the district court's order of dismissal, as modified to be without prejudice, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation